1

2                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
3                         EASTERN DIVISION

4     UNITED STATES OF AMERICA,

5              Plaintiff,          Case No. 1:11CR614
                                   Akron, Ohio
6          vs.                     Friday, December 2, 2011
                                   2:00 p.m.
7     OTTO LINZENBACH,

8              Defendant.

9

10                TRANSCRIPT OF SENTENCING HEARING
               BEFORE THE HONORABLE JOHN R. ADAMS
11                 UNITED STATES DISTRICT JUDGE

12
      APPEARANCES:
13
      For the Government:  Carol M. Skutnik
14                         Office of the U.S. Attorney - Cleveland
                           Carl B. Stokes U.S. Courthouse
15                         801 Superior Avenue, West, Suite 400
                           Cleveland, Ohio 44113
16                         (216) 622-3600

17    For the Defendant:   Edward G. Bryan
                           Carolyn M. Kucharski
18                         Office of the Federal Public Defender
                           Skylight Office Tower, Suite 750
19                         1660 West Second Street
                           Cleveland, Ohio 44113
20                         (216) 522-4856

21    Interpreter:         Tanya Gesse

22    Court Reporter:      Caroline Mahnke, RMR, CRR
                           Federal Building & U.S. Courthouse
23                         2 South Main Street, Suite 568
                           Akron, Ohio 44308
24                         (330) 252-6021

25    Proceedings recorded by mechanical stenography; transcript
      produced by computer-aided transcription.

1                     FRIDAY, DECEMBER 2, 2011

2              THE COURT:  For the record, the Court has before

3     it today Case Number 1:11CR164-001.  The case is United

4     States of America versus Otto Linzenbach.  We're here today

5     for purposes of sentencing.

6              Before we proceed further, at this time the Court

7     would thank our interpreter, Ms. Tanya Gesse, who is here

8     today to assist the defendant.

9              At this time we would ask that she rise and be sworn.

10             (The interpreter was sworn in.)

11             THE COURT:  Mr. Linzenbach, have you had an

12    opportunity to read and review the presentence report with

13    the assistance of an interpreter?

14             THE DEFENDANT: (Through Interpreter) Yes, I have

15    had that opportunity.

16             THE COURT:  Have you had a chance to review it

17    with your attorney?

18             THE DEFENDANT: (Through Interpreter) Yes, Your

19    Honor, I have had that opportunity.

20             THE COURT:  Counsel, have you reviewed the report

21    with your client?

22             MR. BRYAN:  I have, Your Honor.

23             THE COURT:  The report indicates that there are

24    no unresolved objections by the Government, and none by the

25    defendant to the presentence report.

1      Are there any additional objections that the

2  Government wishes to raise at this time?

3           MS. SKUTNIK:  No, Your Honor.  Thank you.

4           THE COURT:  On behalf of the defendant?

5           MR. BRYAN:  No, thank you, Your Honor.

6           THE COURT:  The Court, of course, is required to

7  properly calculate the advisory guideline range.  I will

8  summarize the calculation set forth in the report at page 8

9  and page 9.

10      The report is consistent with -- the recommendation

11  contained therein is consistent with the parties' plea

12  agreement.  It appears the total offense level is a 35.

13  Criminal history category is a I.  The guideline provisions

14  are 180 to 210 months.

15      Count 1 carries 15 years to life as a potential

16  sentence.

17      Count 2 is 15 to 30 years.

18      Count 3, the maximum is 30 years.

19      There is a mandatory minimum of 180 months which

20  applies in this case.

21      Counsel for the Government, any objection to the

22  Court's guideline calculation?

23           MS. SKUTNIK:  No, Your Honor.

24           THE COURT:  On behalf of the defendant?

25           MR. BRYAN:  No, Your Honor.

1          THE COURT:  I have reviewed the report carefully,

2     and I'm prepared to address all of the factors set forth in

3     the sentencing statute after I hear from counsel.

4          There is, of course, a plea agreement in this matter,

5     a so-called C agreement, by which the parties agree that the

6     appropriate sentence in this case is 15 years or 180 months,

7     which I have previously approved and ratify that I will

8     agree to impose that sentence, consistent with the parties'

9     agreement.

10          So it's clear for the record, the only remaining issue

11     is whether the defendant has the ability to either pay a

12     fine and/or the costs of the prosecution, etcetera, or in

13     this case the costs of his defense in this matter.

14          In that regard, as it relates to the cost of his

15     defense, I would just note generally the following:  The

16     defendant at the time of his appearance before the

17     magistrate executed an affidavit, a so-called financial

18     affidavit.  Rather than address the issue at that time, the

19     magistrate judge deferred and left the issue for me to

20     decide as to whether or not the defendant is fully indigent.

21          This matter was previously continued to obtain various

22     financial documents and/or information related to the

23     defendant's financial circumstances.  Some of those

24     documents were in German, the defendant's homeland, the

25     language of his homeland.  And the Court, along with

1  counsel, jointly reviewed those documents along with the

2  assistance of an interpreter.

3      I will address that issue further in a few moments.  I

4  place that on the record so that the parties may be fully

5  heard with regard to any argument they wish to make as it

6  relates to the defendant's ability to pay for the services

7  of the Federal Defender's Office in this matter.

8      Thank you.

9      At this time on behalf of the defendant, what if any

10  statement do you wish to make, sir?

11      MR. BRYAN:  Yes, Your Honor.  As it relates to

12  the disposition -- the punishment phase of the disposition

13  in this case, Your Honor has already alluded to the fact

14  this was a C agreement.  Mr. Linzenbach agreed along with

15  the Government to make a joint recommendation of the

16  mandatory minimum sentence in this case of 15 years

17  incarceration.

18      Since Your Honor has already indicated a willingness

19  to accept the agreement, I don't think it's necessary for me

20  to comment too much regarding the appropriateness of the

21  sentence.  I think it's a sentence that is appropriate,

22  however, when you take into consideration the nature and

23  circumstances of the offense and the history and

24  characteristics of Mr. Linzenbach, especially in light of

25  the fact that Mr. Linzenbach has led an otherwise not only

1    law-abiding life, but apparently an exemplary life based

2    upon everything that I've come to know about him over the

3    time that I've represented him.

4        I've also had the privilege and honor of meeting his

5    wife and also have had the privilege and honor of meeting

6    his two daughters who are both adults and both very

7    successful today.

8        One of his daughters works for an international law

9    firm in Germany, has the ability to not only speak German,

10   English, but she also speaks Japanese.  The other daughter

11   is in advertising with having a degree in economics.

12       I think most noteworthy about Mr. Linzenbach and his

13   wife's life is the fact that they have appeared throughout

14   their lives to have devoted a tremendous amount to charity,

15   and of their own time to the poor in Mr. Linzenbach's wife's

16   home country of India.

17       As it relates to the offense conduct itself, there

18   really is no explanation for it at this juncture,

19   considering the fact that Mr. Linzenbach is who he is and

20   the past reflects who he is.  I think it is important to

21   note that there was no pornography found on his computer,

22   that there wasn't anything of that nature other than the

23   offense conduct itself.

24       And again, we're not trying to minimize it in any way.

25       15 years is not an insignificant amount of time of

1    incarceration for a person who has never been incarcerated

2    before in their lives.  And I think Mr. Linzenbach is paying

3    dearly, has paid dearly, and will continue to pay dearly for

4    his actions in this case.

5         Perhaps Mr. Linzenbach's biggest concern at the time

6    of his arrest and his big concern now was how his family was

7    going to react to his arrest and what had happened.  And

8    fortunately for him they've accepted him and continue to

9    love him and continue to support him.

10        Unlike most of our clients whose families have the

11   ability to meet with them on a regular basis even while

12   they're incarcerated, Mr. Linzenbach's family has been

13   unable to do that, unfortunately, because of the ocean that

14   lies between him and his family.

15        His wife was able to originally come and visit him,

16   and did so, and actually rented an apartment for a period of

17   time in the Youngstown area so she could visit with him on a

18   regular basis.  But after returning back to Germany and then

19   going to the American consulate for another travel visa, she

20   has been denied.  We don't know why, but she has been denied

21   several times so she hasn't seen him for several months.

22   His daughters have had an opportunity to visit with him

23   within the past couple months.

24        So we do request, and the Government indicated in

25   their plea agreement that they would not oppose Mr.

1    Linzenbach's intent to seek a treaty transfer, and I just

2    wanted to place that on the record.

3        As it relates to his ability to pay for his own

4    defense, it's still our position -- first of all, we would

5    submit that the information contained in the presentence

6    investigation report is accurate.  And it does accurately

7    reflect Mr. Linzenbach's financial status.

8        I think it's important to note that Mr. Linzenbach's

9    financial status is also the financial status of his wife.

10   His wife continues to reside in the home that they own, and

11   his wife is the person who is receiving the income that

12   flows from Mr. Linzenbach's retirement.

13       They do not have the ability to pay a lump sum for

14   legal fees.  If, for whatever reason, his wife is able to

15   secure some kind of loan on their real estate, there may be

16   an ability for her to be able to assist Mr. Linzenbach in

17   paying his legal fees, and admittedly that would be coming

18   from his own resources as well.

19       But, quite frankly, Mr. Linzenbach, for the next

20   several years will not be taking advantage of his own

21   resources.  It will be his wife alone who will be dependent

22   upon the resources of the marriage to be able to support

23   herself.

24       So in essence, I think ordering Mr. Linzenbach to pay

25   the cost of his own defense is going to put a burden not on

1    Mr. Linzenbach but on his family.

2         And based upon that, I think it would be inappropriate

3    to order him to pay the cost his own defense.

4         He's already indicated in chambers that his family is

5    willing to come forward, step forward and assist him in that

6    regard if that's the case in order not to delay his transfer

7    to Germany.  But as his counsel, I would object for the

8    record that he be ordered to pay the cost of his own

9    defense.

10        I think indigency is a fluid concept based upon the

11   circumstances.  If Mr. Linzenbach faced a relatively short

12   period of incarceration, not a lengthy period of

13   incarceration where he had the ability to return to not only

14   his family but his assets and his ability to receive not

15   only his retirement income but maybe generate other kind of

16   income, there would be a strong argument to be made that

17   he's not indigent and would be able to pay the cost of his

18   own defense.

19        But in light of the severe nature of his conviction --

20             THE INTERPRETER:  The interpreter respectfully

21   requests that counsel please slow down as the interpreter is

22   having a hard time following at this speed.

23             MR. BRYAN:  I apologize.

24             THE INTERPRETER:  Thank you.

25             MR. BRYAN:  In light of his anticipated lengthy

1    incarceration, we believe that under these circumstances Mr.

2    Linzenbach would qualify for a finding of indigency, and

3    therefore eligibility under the Sixth Amendment, to counsel

4    without cost to himself.

5         Thank you.

6              THE COURT:   Thank you.

7         Counsel, just two quick questions before I hear from

8    Mr. Linzenbach.

9         Well, perhaps I should ask him directly.  I'll just

10   ask him in a moment.

11        Mr. Linzenbach, any statement you wish to make on your

12   own behalf?

13             THE DEFENDANT: (Through Interpreter) I know what

14   I did was terribly wrong.  I cannot explain why I did what I

15   did.  I do, however, acknowledge that what I did was

16   extremely wrong.  I am committed to never again behave in

17   this manner.

18        I will seek and take advantage of any and all

19   counseling, both in the United States to the best of my

20   English ability, and in Germany, to make sure I address the

21   psychological issues that led to my behavior.

22        I accept full responsibility for my actions.  I

23   apologize to the United States Government and to the Court

24   for my conduct.

25        I also deeply apologize to my wife and daughters for

1    the pain and shame that I have caused them.  And still,

2    regardless of anything, they continue to stand behind me.

3        That's all.

4        THE COURT:  All right.  Thank you, sir.  Just two

5    questions.  How old is your wife?

6        THE DEFENDANT: (Through Interpreter) 63.

7        THE COURT:  The same age as yourself?

8        THE DEFENDANT: (Through Interpreter) She's ten

9    days younger.

10        THE COURT:  And she worked with you in your

11    medical practice?

12        THE DEFENDANT: (Through Interpreter) Until two

13    years prior to my retirement, yes.

14        THE COURT:  And she then retired at the same time

15    as you did?

16        THE DEFENDANT: (Through Interpreter) This is when

17    she stopped working, and she did not take up any other

18    employment.

19        THE COURT:  All right.  Thank you.

20     What is the Government's position, please?

21        MS. SKUTNIK:  Your Honor, as it relates to Mr.

22    Linzenbach's sentence, the Government has very little to add

23    beyond what is reflected in the plea agreement.

24     We believe that the term of 15 years incarceration is

25    consistent with the guideline calculation for the offenses

1  for which Mr. Linzenbach pled guilty.

2      The only thing I would add, and it is prompted by

3  counsel's indication that there was no pornography found on

4  the laptop that Mr. Linzenbach brought to Cleveland, and I

5  would simply, while agreeing with that statement, add that

6  Mr. Linzenbach found the advertisement for the undercover

7  operation for which he -- which is included in this

8  indictment, or which he participated in, in a European chat

9  room which is specifically for the purpose of trading child

10  pornography.

11      So I didn't want it to go unsaid or to suggest or to

12  allow counsel to suggest that Mr. Linzenbach doesn't display

13  any other indicators or suggestions of interest in sexual

14  exploitation of children.

15      Having said that, I'll move on to the issue of Mr.

16  Linzenbach's financial situation.  And I would simply like

17  to place on the record that following the previous hearing,

18  the Government did inquire of the Office of International

19  Affairs with the representative for Germany, a woman by the

20  name of Linda McKinney, who indicated that it would take

21  approximately six to twelve months for the Government to be

22  able to accomplish a request for financial information

23  through an MLAT, which seems unreasonable in the current

24  circumstances.

25      However, the Government did attempt to obtain

1  additional information.  We provided the probation

2  department, defense counsel, and the Court with some bank

3  documents and an insurance letter that we obtained through

4  the Attache's Office in Germany with the Department of

5  Homeland Security as well as a bank statement that the

6  defendant provided at the time that he obtained his visa to

7  establish that he had significant resources, was not an

8  indigent individual when he applied for a visa to come to

9  the United States and to go to flight school in Florida.

10         So, having said that, Your Honor, the Government

11  defers to the Court on a determination as to whether or not

12  Mr. Linzenbach is indigent.

13         We are disappointed that we were limited in our

14  ability to obtain financial documents, and what I find to be

15  noticeably absent from the financial information here is an

16  accounting for his bank account, which is referenced as the

17  source of a transfer to his wife's bank account for the

18  amount of 6,000 euros.

19         The Government has no further information to offer to

20  the Court for determination on that issue, Your Honor.

21         Thank you.

22              THE COURT:  All right.  Thank you.

23         Just perhaps one housekeeping matter.  We did review

24  in-camera, in the presence of counsel for the defendant

25  along with the defendant and counsel for the Government, in

1    the presence of an interpreter, certain financial documents

2    from Germany.  My only query is how we make them part of the

3    record in the case so that they are there for consideration

4    in the event there is any appeal.

5         I can only think of one of two ways, and that is

6    asking the interpreter to read them or summarize them into

7    the record, or in the alternative, to ask her at some later

8    time to review them and submit to us a summary of those

9    documents.

10        Does either side have any suggestions or position

11   regarding that matter?

12             MR. BRYAN:  On behalf of Mr. Linzenbach, Your

13   Honor, I think the latter suggestion would be most

14   appropriate and would be even -- could even be delayed by 14

15   days which is the period of time that Mr. Linzenbach would

16   have to file a notice of appeal.

17        It is Mr. Linzenbach's desire not to delay a potential

18   treaty transfer, so I doubt if Mr. Linzenbach will

19   be -- well, I don't want to speak to that without speaking

20   to him.  But I think that 14-day window should give us

21   enough time to make that determination.  And if there is an

22   order that after that, that she -- that the interpreter

23   interpret everything for the record, I think that would be

24   appropriate.

25             THE COURT:  My only concern is the amount of time

it may take and the cost and expense.  The interpreter's

fees, as she is extremely well-qualified and certainly

entitled to be paid, but they are now in excess of $10,000.

So the additional cost and time is also an additional burden

that, again, generally the taxpayers must bear.  That is not

a cost that I can assess as against Mr. Linzenbach, I do not

believe.

So I am constrained to believe, however, that that is

something that needs to be addressed so that there is an

adequate appellate record for any reviewing court.

All right.  Having said that, for the record, the

Court would note that I have carefully considered the

presentence investigation report, all the matters related to

sentencing.  Given the nature of the parties' agreement and

the Court's stated intention as it relates to sentencing, I

will summarize in some respects my oral pronouncement of

sentence.

The nature and circumstances of the offense are

adequately described in the presentence report and the

parties' plea agreement as it relates to offense conduct.

I would incorporate by reference the presentence

report paragraphs 8, 9, 10, 11 and 12 as well as the factual

basis of the plea, which set forth in detail the conduct

upon which this plea is based and the conduct that brings

the defendant before this Court.

1    The history and characteristics of the defendant are

2  as follows:  The defendant is a 63-year citizen of Germany

3  with no prior juvenile or adult convictions.  There are no

4  signs of violence in his past.  And he did not report

5  suffering from any type of abuse.

6    He is a college graduate and obtained his medical

7  degree in Germany where he reported operating his own

8  medical practice for the past 25 years.

9    He reported no substance abuse issues and indicated he

10 has an occasional beer with friends.

11   The defendant is married with two adult children who

12 reside in Germany.

13   The kinds of sentences available.  I have previously

14 outlined the statutory terms of imprisonment for each of the

15 three counts and referenced the mandatory minimum of 180

16 months.

17   There are no known disparities between this defendant

18 and other defendants with similar records and conduct.

19   As it relates to the need for the sentence imposed,

20 this case represents an individual with no prior criminal

21 record.  He is a citizen of Germany who recently retired

22 from operating his own medical practice for the past 25

23 years.

24   However, this defendant paid a $100 deposit to reserve

25 two minor children in the United States.  Although he had

1    other business here in the United States, that being flight

2    school, the defendant came here to have sex with the

3    children he reserved and paid an additional $1,600 in U.S.

4    currency when he arrived.

5         Although this was an undercover operation, this

6    defendant was not aware of that and believed he was paying

7    to have sex with children, and he came from another country

8    to engage in this act which shows the defendant is willing

9    to travel to extreme lengths to engage in this conduct.

10        This behavior may make this defendant a danger to

11   children in the community and elsewhere.

12        However, the defendant has no prior record, has lived

13   a law-abiding life prior to this conduct, and maintained a

14   long-standing medical practice.

15        Therefore, the parties' agreement and the minimum

16   statute -- minimum sentence required by statute appears to

17   be sufficient but not greater than necessary.

18        For those reasons the Court will do the following:

19   Pursuant to the Sentencing Reform Act of 1984 and 18 United

20   States Code, Section 3553(a), it is the judgment of the

21   Court that the defendant, Otto Linzenbach, is hereby

22   committed to the custody of the Bureau of Prisons to be

23   imprisoned for a term of 180 months on each count to be

24   served concurrently.

25        Supervised release.  Upon release from imprisonment,

the defendant shall be placed on supervised release for a

term of six years.  This term consists of terms of six years

on each of Counts 1, 2 and 3.  All such terms to run

concurrently.

Should the defendant remain in this country, within 72

hours of release from the custody of the Bureau of Prisons,

he shall report in person to the U.S. probation office in

the sentencing district or in the district to which the

defendant is released.

As it relates to the cost of his defense, the Court

does find by a preponderance of the evidence that the

defendant does have the ability to pay at least in part for

services rendered by the Federal Defender's Office in this

matter.

I make that finding based upon the following:  It

appears there is no dispute that the defendant owns certain

real estate valued at approximately $300,000, or $352,000

according to the report, free and clear.  It is

unencumbered.

His pensions approximate nearly $4,300 a month.  He

has no debt, be it credit cards, mortgage, car loans,

etcetera.

I acknowledge that his wife does not work outside the

home and that this sum of money is monies that she also

relies upon.  However, this sum was also intended to be

1     monies that both spouses were to live on primarily, so that

2     I do not believe she will suffer my undue hardship given the

3     defendant's absence should the Court impose some order

4     ordering payment for attorney fees, as least in part.

5        The Court would note generally that there appears to

6     be --

7        THE INTERPRETER: Your Honor, the interpreter

8     interjects by saying that the standard interpretation time

9     is no more than a half hour alone. The interpreter has now

10    been working for an hour and a half alone and her brain is

11    becoming unbearably full for full interpretation.

12       THE COURT: Do you want to take a break? We can

13    take 20 minutes if you'd like.

14       THE INTERPRETER: Well, our boarding time is

15    4:30. We cannot take a 20-minute break, but I think a

16    one-minute break would suffice. I feel like I cannot do a

17    good job for the defendant.

18       THE COURT: I will summarize the rest.

19       THE INTERPRETER: Had we known this was going to

20    be longer, I would have requested two interpreters.

21       THE COURT: All right. Take as long as you would

22    like.

23       THE INTERPRETER: Just one minute, Your Honor.

24       THE COURT: Tell us when you're ready.

25      (Pause.)

1          THE INTERPRETER:  Your Honor, please continue.

2     The interpreter is ready.

3          THE COURT:  Okay.  I would also note any

4     discrepancy between the defendant's financial affidavit

5     submitted at the time of his initial arraignment appears to

6     be driven by the fact the amounts in question on the

7     affidavit are reflected in euros, not dollars.

8          The defendant will not pay a fine in light of the

9     Court's decision to order attorney fees in the matter.

10          For the record, the amount the Court will order is

11     $20,000, which, based upon the billing statement submitted

12     by the Federal Defender's Office prior to today's date, at

13     $125 an hour, the amount in question would be approximately

14     $28,000.

15          Of course, additional time will apply in this matter.

16          There will be no fine.

17          A special assessment of $300 is required by federal

18     law.  It shall be due immediately.

19          There will be no drug testing.  This is not a

20     drug-related offense.

21          The standard conditions adopted by this Court will

22     apply with regard to supervision.

23          Counsel, the provisions of the Sex Offender

24     Registration and Notification Act, the minor protection and

25     restriction program, computer Internet restriction, the

1    provisions related to same, will all apply.

2            Does either side object in light of the circumstances

3    with our interpreter to the Court deferring reading them

4    into the record at this time?

5            MS. SKUTNIK:  No objection from the Government,

6    Your Honor.

7            THE COURT:  Do you have any objection to me not

8    reading them into the record at this time?  They will apply,

9    but I will not put it into the record --

10           MR. BRYAN:  No objection, Your Honor.

11           THE COURT:  -- in light of the circumstances with

12   our interpreter.

13       The defendant will be asked to cooperate in the

14   collection of DNA as required by law.

15       And then lastly, I will ask the interpreter to

16   summarize the financial documents that we previously

17   reviewed from Germany, and also ask her in some fashion to

18   review with the defendant the restrictions related to sex

19   offenders that I've just outlined so there is no

20   misunderstanding regarding same.

21       If in fact the defendant is -- additionally, the

22   defendant shall agree and cooperate with the Department of

23   Homeland Security in any deportation proceedings should he

24   remain in this country.

25           I'll recommend, as the parties have agreed, I'll

1    recommend his transfer to his homeland to serve his

2    sentence.  We will put that into the Court's order as well.

3         Any objections, corrections, to the Court's sentence

4    under *Bostick* on behalf of the Government?

5              MS. SKUTNIK:  No objection from the Government,

6    Your Honor.

7              THE COURT:  Anything I haven't covered you wish

8    me to cover briefly?

9              MS. SKUTNIK:  No, Your Honor.  Thank you.

10             THE COURT:  On behalf of the defendant?

11             MR. BRYAN:  No objections, Your Honor.

12             THE COURT:  Mr. Linzenbach, finally, there

13   appears there may be only one issue for appeal under your

14   plea agreement.  I have followed it other than -- I have

15   imposed in part the costs of your attorneys in this matter.

16        If you wish to file an appeal from that decision, you

17   will have 14 days from the day I reduce your sentence to

18   writing in the form of an order.  And your attorneys will

19   advise you further.

20        Is that understood?

21             THE DEFENDANT:  (Through Interpreter) Yes.

22             THE COURT:  And the sticky question, once again,

23   becomes if you are unable to afford an attorney for purposes

24   of that appeal, upon the proper showing, then I will have to

25   decide if indeed you are entitled to an attorney at no cost

1 to yourself.  And so it's clear for the record, that's a

2 decision I will have to make de novo based on -- or

3 considering the circumstances at the time of the appeal.

4   All right.  Anything further on behalf of either side?

5    MR. BRYAN:  Your Honor, Mr. Linzenbach can

6 correct me if I'm wrong about this, but I believe he

7 requests that Your Honor recommend to the Bureau of Prisons

8 that he be placed at Fort Dix which places him on the East

9 Coast to facilitate any transfers once he is deported.

10    THE COURT:  We will do that.  We will make that

11 recommendation for him.

12   Anything else?

13   I will also, just so it's clear, I'll recommend credit

14 for time served that he's been in custody.

15   Thank you, Ms. Gesse.  We appreciate your service.  We

16 will let go.  You're done.

17   (Proceedings concluded at 3:50 p.m.)

18

19       C E R T I F I C A T E

20

21   I certify that the forgoing is a correct transcript

22 from the record of proceedings in the above-entitled matter.

23

24    S/Caroline Mahnke     1/18/12

25    Caroline Mahnke, RMR, CRR   Date